**IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

_____

**KENNETH L. CARADINE**

    **Plaintiff,**

**vs.**

**RAJAB ISSA NDIKUMAKO and
MB TRUCKING LLC**

    **Defendants.**

**Docket No.** _____
**Division** _____
**JURY DEMANDED**

_____

**COMPLAINT**
_____

COMES NOW Plaintiff, Kenneth L. Caradine, by and through counsel, and hereby files this Complaint against Defendants, Rajab Issa Ndikumako and MB Trucking LLC, for personal injuries and damages, as follows:

**PARTIES**

1. Plaintiff, Kenneth L. Caradine (hereinafter "Plaintiff"), is an adult resident of Shelby County, Tennessee.

2. Upon information and belief, Defendant, Rajab Issa Ndikumako (hereinafter "Defendant Ndikumako"), is an adult resident citizen who resides and may be served at 3812 Southshore Dr. Apt. B2, Dayton, OH 45404.  Upon information and belief, Defendant Ndikumako was an employee and/or agent of Defendant MB Trucking LLC.

3. Defendant, MB Trucking LLC (hereinafter "Defendant MB Trucking"), is a Limited Liability Company formed in formed in Ohio with its principal place of business in Ohio. The Defendant MB Trucking may be served with process via its registered agent:

1

Mesfin Barkneh,
P.O. Box 297791,
Columbus, OH 43229

## JURISDICTION AND VENUE

4. This cause of action arises in tort out of personal injuries and damages incurred as a result of a motor vehicle collision in Shelby County, Tennessee on or about February 12, 2019.

5. The incident that forms the basis of this suit occurred in Shelby County, Tennessee; Thus, venue is proper in this county.

6. The incident that forms the basis of this suit occurred on February 12, 2019; thus, this suit is timely filed.

7. This Court has *in personam* jurisdiction over the Defendants because the acts and omissions giving rise to this action were committed in whole or in part in the State of Tennessee against residents of the State of Tennessee.

8. This Court has subject matter jurisdiction over this matter pursuant to TENN. CODE ANN. § 16-10-101.

## STATEMENT OF FACTS

9. Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

10. On February 12, 2019, at approximately 7:23 a.m., Plaintiff was properly operating a 2004 black Chevrolet TRL northbound on Interstate 240, near Jackson Avenue, in Memphis, Shelby County, Tennessee.

11. At all times pertinent hereto, Plaintiff's vehicle was being operated in a safe, cautious, and prudent manner, obeying all of the rules and regulations of the roadway.

12. On February 12, 2019, Defendant Ndikumako was operating 2014 white Freightliner Truck owned by said Defendant MB Trucking  (VIN: 3AKJGLDS1ESFP0568; License Plate:

PW67212,OH) northbound on Interstate 240, near Jackson Avenue, in Memphis, Shelby County, Tennessee.

13. Suddenly, and without warning, while Plaintiff was operating his vehicle, the vehicle operated by Defendant Ndikumako and owned by Defendant MB Trucking at the aforementioned time and location violently struck the rear of Plaintiff's vehicle.

14. That all the actions or inactions of Defendant Ndikumako are hereby imputed to Defendant MB Trucking as Defendant Ndikumako was operating a 2014 white Freightliner Truck owned by Defendant MB Trucking and was, upon information and belief, an agent, servant and/or employee of said Defendant MB Trucking. Thus, Plaintiff relies upon §55-10-311 and §55-10-312 of the Tennessee Code Annotated and the doctrines of respondeat superior and agency, alleging that any negligence on the part of Defendant Ndikumako should be imputed to Defendant MB Trucking.

15. Defendant Ndikumako failed to maintain a safe distance between his vehicle and Plaintiff's vehicle and this negligence caused the collision with Plaintiff's vehicle.

16. Plaintiff did not have an opportunity to avoid the collision and, as a direct and proximate result of the negligence, gross negligence, and/or recklessness of Defendant Ndikumako and Defendant MB Trucking, Plaintiff sustained personal injuries and other damages described herein.

### CAUSES OF ACTION

### COUNT I - NEGLIGENCE

17. Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

18. Plaintiff charges that Defendant Ndikumako operated his vehicle with negligent and/or reckless disregard for the safety of others, including Plaintiff.

**19.** Defendant Ndikumako owed a duty to Plaintiff and to the public to drive in a safe and reasonable manner under the circumstances.

**20.** Defendant Ndikumako is guilty of one, some, or all of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiff's injuries and resulting damages:

a. Failing to use that degree of care and caution in the operation of his vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

b. Failing to maintain a safe lookout;

c. Failing to devote full time and attention to the operation of his vehicle;

d. Failing to see what was there to be seen;

e. Driving in a reckless manner;

f. Negligently driving too quickly for traffic conditions;

g. Negligently colliding with a properly-travelling vehicle;

h. Negligently failing to yield to Plaintiff

i. Other acts and/or omissions to be shown at the trial of this cause.

## COUNT II - NEGLIGENCE *PER SE*

**21.** Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

**22.** Defendant Ndikumako violated the following statutes of the State of Tennessee, which were in full force and effect at the time and place of the collision and which acts of negligence should be imputed to Defendant MB Trucking, such violations constituting negligence *per se*:

**T.C.A. § 55-8-103      Required obedience to traffic laws**

It is unlawful and, unless otherwise declared in this chapter and chapter 10, parts 1-5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title.

**T.C.A. § 55-8-103      Following too closely**

(a)  The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway.

**T.C.A. § 55-8-136      Drivers to exercise due care**

(a) Notwithstanding the foregoing provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.

(b) Notwithstanding any speed limit or zone in effect at the time or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.

**T.C.A. § 55-10-202    Operating a vehicle contrary to law**

(a) It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law.
(b) A violation of this section is a Class C misdemeanor.

**T.C.A. § 55-10-205   Reckless driving**

(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

**23.** Plaintiff charges and alleges that Defendant Ndikumako was in violation of the following City of Memphis Ordinances, which were in full force and effect at the time and place of the collision and which acts of negligence should be imputed to Defendant MB Trucking, constituting negligence per se, to wit:

**M.M.C. § 11-16-2    Duty to devote full time and attention to operating vehicle**

>It shall be unlawful for a driver of a vehicle to fail to devote full time to the driving of said vehicle when such failure, under the then existing circumstances, endangers life, limb or property.

**M.M.C. § 11-16-3    Duty to drive at safe speed, maintain lookout, keep vehicle under control**

>Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:
>
>   (1) Operate his vehicle at a safe speed;
>   (2) Maintain a safe lookout;
>   (3) Use due care to keep his vehicle under control.

**M.M.C. § 11-16-20   Following too closely**

>The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the street.

**M.M.C. § 11-16-44   Reckless driving**

>Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

### **NEGLIGENT HIRING, SUPERVISION, AND TRAINING**

**24.** Plaintiff alleges, upon information and belief, that Defendant MB Trucking knew, or in the exercise of due diligence and reasonable inquiry, should have known of Defendant Ndikumako's propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner.

25. Plaintiff alleges that Defendant MB Trucking is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiffs' injuries and resulting damages, to wit:

   a. Negligent training of Defendant Ndikumako;
   b. Negligent supervision of Defendant Ndikumako;
   c. Negligent hiring of Defendant Ndikumako;
   d. Other acts and/or omissions to be shown at the trial of this cause.

### NEGLIGENT/RECKLESS ENTRUSTMENT

26. Plaintiff alleges that Defendant MB Trucking negligently and or/recklessly entrusted the subject vehicle to Defendant Ndikumako on the date of the subject collision.

27. As a result of the negligence and/or recklessness of Defendant Ndikumako, while driving the vehicle entrusted to him by Defendant MB Trucking, Plaintiff suffered serious and permanent injuries and damages.

28. Defendant MB Trucking is liable for all Plaintiff's injuries and damages under the theory of negligent entrustment.

### INJURIES AND DAMAGES

29. Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

30. As a direct and proximate result of the above-described breaches of duties, violations of the common law, state statutes, and city ordinances by Defendants, Plaintiff has suffered injuries and damages, including but not limited to:

   (a) serious and painful physical injuries,
   (b) past, present, and future physical and emotional pain and suffering;
   (c) past, present, and future mental anguish and emotional distress;
   (d) temporary and permanent impairment and disability;
   (e) has incurred reasonable and necessary medical expenses and will incur further expenses in the future;

(f) certain other reasonable and necessary healthcare expenses, prescription expenses, certain transportation expenses to and from healthcare providers, and other out-of-pocket expenses, the nature and amount of which yet to be determined;
(g) loss of quality and enjoyment of the normal pleasures of life, past, present, and future;
(h) inconvenience;
(i) past, present, and future lost wages;
(j) loss of future earning capacity; and
(k) other damages to be proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests the following relief:

31. For a judgment against the Defendants for damages, to be determined by the jury, in the amount of $500,000.00 to compensate Plaintiff for all injuries and damages he suffered as result of the Defendants' actions.

32. For all general and special damages caused by the herein alleged conduct of Defendants;

33. Post-judgment interest; and

34. For all other relief to which Plaintiff may be entitled under Tennessee law.

35. Plaintiff respectfully prays for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief as the Court and jury deem just.

Respectfully submitted,

REAVES LAW FIRM, PLLC

*[signature]*

_____
Robert Gatewood, Esq. (TN#24435)
Lan Chen, Esq. (TN #036756)
*Attorneys for Plaintiff*
4466 Elvis Presley Blvd., Suite 310
Memphis, Tennessee 38116
P: 901-417-7166
F: 901-328-1352
Robert.Gatewood@beyourvoice.com
Lan.chen@beyourvoice.com